# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD SOWERS, | ) |
| Plaintiff, | ) |
| | ) No. 18 C 6496 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| VVF ILLINOIS SERVICES, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

After a report that three employees brought guns to work, Defendant VVF Illinois Services, LLC ("VVF") conducted a search of the employees' personal belongings. One of those employees, Plaintiff Richard Sowers, who is black, had his belongings searched in view of his co-workers, whereas the other two employees ("Employee A" and "Employee B"), who are white, were searched in private. Sowers filed suit against VVF, alleging race discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/2-102 (Count I), and 42 U.S.C. § 1981 (Count II). VVF moves for dismissal of the second amended complaint, arguing that Sowers has failed to state an actionable claim of disparate treatment or a hostile work environment. Because Sowers has not alleged enough facts to plausibly state a claim that would entitle him to relief, the Court grants VVF's motion to dismiss.

## BACKGROUND[1]

Sowers began working for VVF as a mechanic in 1990. VVF assigned him to a facility manufacturing personal care products in Montgomery, Illinois, and up until the incident in this

---

[1] The facts in the background section are taken from Sowers' second amended complaint and the attached exhibit and are presumed true for the purpose of resolving VVF's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

case, Sowers performed his job well and without incidents involving violence or verbally abusive conduct.

On July 27, 2016, a VVF employee ("Employee C") complained that bags and lunch boxes were entering the facility without being searched and that three people—Sowers, Employee A, and Employee B—had brought guns to work. Employee C alleged that a year prior these individuals had made comments such as "I'm locked and loaded" and "I don't leave home without it." Doc. 23 ¶ 10.

In response to this allegation, an Employee Relations Manager searched Sowers' locker at the beginning of his shift. The manager then "conspicuously" walked Sowers across the plant in front of his co-workers to the break area, where the manager searched Sowers' lunch box. *Id.* ¶ 13. Another employee was present in the break room during the search, and because the break room is encompassed by glass, the search was visible to several other co-workers. Employee A and Employee B each work different shifts from Sowers that do not overlap with one another. A VVF employee searched each of them at the end of their respective shifts and in private at the human resources office.

Employee C also complained that another white employee ("Employee D") had threatened him when, referring to Employee C, Employee D said to another individual: "Well we haven't killed him yet." *Id.* ¶ 17. VVF never searched Employee D for weapons.

Sowers was humiliated and embarrassed by the search. His co-workers teased and questioned him for months after the incident about having a gun at work. Sowers now "has anxiety regarding how people perceive him and his general level of enjoyment in life has been effected [sic] tremendously." *Id.* ¶ 15.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Sowers' claims of discrimination under the IHRA and § 1981 each encompass two separate, although related, theories of discrimination: (1) disparate treatment because of the degrading manner in which VVF searched his belongings in public, while searching the white employees in private, and (2) a hostile work environment produced by the severity of the search.[2] VVF moves to dismiss Sowers' claims on the grounds that: (1) Sowers has failed to allege that he suffered an adverse employment action, and (2) Sowers has failed to allege severe

---

[2] Because claims of race discrimination are analyzed the same way under § 1981 as they are under the IHRA, the Court's analysis does not differentiate between the two laws. *See Martinez v. Nw. Univ.*, 173 F. Supp. 3d 777, 783–84 (N.D. Ill. 2016) ("[I]n analyzing employment discrimination claims brought under the IHRA, Illinois courts 'have adopted the analytical framework set forth in United States Supreme Court decisions addressing claims brought under Title VII.'" (citation omitted)); *Lalvani v. Cook Cty., Ill.*, 269 F.3d 785, 789 (7th Cir. 2001) (explaining that courts apply the same standard to evaluate § 1981 and Title VII claims).

or pervasive conduct that would establish a hostile work environment. The Court addresses these arguments in turn.

I. **Disparate Treatment**

For his disparate treatment claim to survive a motion to dismiss, Sowers "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race]."[3] *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Because Sowers has not plausibly alleged an adverse employment action, his disparate treatment claim fails.

An adverse employment action "must materially alter the terms or conditions of employment" and "must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Porter v. City of Chi.*, 700 F.3d 944, 954 (7th Cir. 2012) (citation omitted). The Seventh Circuit has described three general categories of adverse employment actions, the third of which applies here: "[c]ases in which . . . the *conditions* in which [the employee] works are changed in a way that subjects him to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment—an alteration that can fairly be characterized as objectively creating a hardship, the classic case being that of the employee whose desk is moved into a closet." *Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 744 (7th Cir. 2002). Sowers states "that he was subjected to humiliating and degrading working conditions" because of the different way that VVF conducted the search of his locker and lunch box. Doc. 29 at 5.

---

[3] In its motion to dismiss, VVF seems to suggest that the *McDonnell Douglas* framework should be applied to evaluate Sowers' claim under the IHRA. Because the Court only considers the sufficiency of the pleadings on a motion to dismiss, the *McDonnell Douglas* proof structure, which is applied at the summary judgment stage, is not applicable here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

The search as described does not plausibly suggest humiliating or degrading work conditions that rise to the level of an adverse employment action. Being walked conspicuously across the facility and searched in an open area does not suggest anything "more disruptive than a mere inconvenience." *Porter*, 700 F.3d at 954. Even if the search was unjustified, as Sowers claims, the search of an employee's property is generally not enough to materially change the terms and conditions of employment. *Cotterell v. Gilmore*, 64 F. Supp. 3d 406, 424 (E.D.N.Y. 2014) (affirming summary judgment involving the search of plaintiff's desk drawers); *Roff v. Low Surgical & Med. Supply, Inc.*, No. CV033655(SJF)(JMA), 2004 WL 5544995, at *7 (E.D.N.Y. May 11, 2004) (dismissing plaintiff's complaint involving the search of her vehicle and personal belongings). That VVF searched Sowers differently from the other two employees, in public and in front of his colleagues, cannot "fairly be characterized as objectively creating a hardship." *Herrnreiter*, 315 F.3d at 744.

Sowers points to *Reynaga v. Roseburg Forest Products*, 847 F.3d 678, 692–93 (9th Cir. 2017), *Alamo v. Bliss*, 864 F.3d 541, 553 (7th Cir. 2017), and *Daniel v. Advocate Health Care Network*, 278 F. Supp. 3d 1056, 1063 (N.D. Ill. 2017), as examples of analogous cases where the court found valid disparate treatment claims. But in each of these cases the plaintiffs alleged more facts than Sowers has. *See Reynaga*, 847 F.3d at 683–84 (describing several incidents of disparaging remarks, racially-charged comments, and unfair treatment by plaintiff's employer); *Alamo*, 864 F.3d at 545–47 (describing several incidents of verbal and physical harassment); *Daniel*, 278 F. Supp. 3d at 1057 (describing five separate incidents of negative treatment by employer). Such facts provide context for evaluating whether the allegations plausibly state an adverse employment action under the third category of conditions that objectively create a

hardship. *Alamo*, 864 F.3d at 553 ("[I]n the context of this case, the allegations regarding excessive 'detailing' plausibly state an adverse employment action.").

Understandably, Sowers felt embarrassed by the search, as well as the subsequent teasing. But these facts do not amount to a "significant[ ] negative alteration in his workplace." *Herrnreiter*, 315 F.3d at 744. "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007). Indeed, when plaintiffs have alleged much more to suggest a significant change in work conditions, the courts have not found an adverse employment action. *See, e.g.*, *Adam v. Obama for Am.*, 210 F. Supp. 3d 979, 988 (N.D. Ill. 2016) (dismissing plaintiff's disparate treatment claim that other interns were mean and excluded her from activities, that a supervisor screamed at her and pulled her hair to inspect her scalp, and that she was demoted from intern to volunteer). As such, Sowers has not stated a plausible claim of disparate treatment.

## II. Hostile Work Environment

A hostile work environment is one that is "permeated with discriminatory intimidation, ridicule and insult." *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004) (citation omitted). To state a claim, Sowers must allege that (1) he was subject to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile or abusive working environment, and (4) there is a basis for employer liability. *Id.* at 426. At this stage, it is enough for Sowers to allege facts that make each element plausible. *Iqbal*, 556 U.S. at 679. But, because the second amended complaint does not even include plausible allegations that the search of Sowers' property was severe or pervasive, his harassment claim also fails.

To begin, Sowers only alleges that VVF's conduct was severe, not pervasive, based solely on one search of his belongings. Doc. 29 at 11. Even if he alleged that the subsequent teasing by co-workers was part of a hostile work environment, teasing does not equal discriminatory harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) ("'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018) ("[E]mployers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries that are, unfortunately, not uncommon in the workplace.").

As such, Sowers must plausibly allege that the search of his belongings was severe enough to create a hostile or abusive environment. "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

Considering these factors, the search of Sowers' belongings, as alleged, does not rise to the level of severity required to show an abusive or hostile work environment. It is difficult to show that a single incident rises to this level. *King v. Bd. of Regents of Univ. of Wis. Sys.*, 898 F.2d 533, 537 (7th Cir. 1990) ("[G]enerally, repeated incidents create a stronger claim of hostile environment, with the strength of the claim depending on the number of incidents and the intensity of each incident."); *Faragher*, 524 U.S. at 788. Sowers does not allege that the search was physically or verbally threatening, nor that it unreasonably interfered with his work

performance. *See Lee v. Nw. Univ.*, No. 10 C 1157, 2010 WL 2757550, at *4 (N.D. Ill. July 13, 2010) (finding "discrete" event where plaintiff's personal property was found scattered in locker room did not plausibly state a hostile work environment claim). Courts have found that more serious allegations do not suffice at the motion to dismiss stage. *See Adam*, 210 F. Supp. 3d at 990–91 (dismissing harassment claim because plaintiff had not sufficiently alleged severe and pervasive conduct despite allegations that other interns laughed at her, gave her dirty looks, and ostracized her, and that a supervisor pulled her hair and screamed at her, which caused her to stop eating or going to the bathroom); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *5 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim based on insensitive racial comment, two racially-motivated disciplinary actions, and allegations of repeated discrimination against black employees); *cf. Adusumilli v. City of Chi.*, 164 F.3d 353, 361 (7th Cir. 1998) (affirming summary judgment where allegations of teasing, staring, remarks about plaintiff wearing a low-neck top, and four isolated incidents of touching plaintiff's arm, fingers, or buttocks, not sufficient to state hostile work environment). Consequently, Sowers has not alleged a plausible claim of harassment.

## CONCLUSION

For the foregoing reasons, the Court grants VVF's motion to dismiss the complaint [24]. The Court dismisses the second amended complaint without prejudice.

Dated: April 30, 2019

SARA L. ELLIS
United States District Judge